(Decided June 17th, 1896).

----

# THE STATE OF MARYLAND *vs.* ALOYSIUS T. BENZINGER AND JAMES D. MOULTON.

*Title of Statute—Repealing Statute Containing Affirmative Legislation—Statute Void in Part—Constitutional Law—Insurance Brokers' License.*

When the repeal of a prior law is inserted in a statute repealing and amending the same, and the amending law is itself void, the provision for the repeal of the prior law will fall with it, and the whole statute will be declared inoperative.

Whether one part of a statute repealing and amending prior laws will be allowed to stand while another part is declared to be void, depends upon whether by the amendatory law it is apparent that the Legislature intended both parts of the statute to be inseparable portions of the same system, mutually dependent upon each other.

The Act of 1896, chap. 266, was designed to amend the law relating to the license fee to be paid by insurance brokers, and contains but one section relating to the payment of the same. The title of the Act, however, is " An Act to repeal " the former statute on the subject. *Held*, that the Act of 1896 is void as to the affirmative legislation because in violation of Constitution, Art. 3, sec. 29, directing that the subject of every law shall be expressed in its title, and that no effect would be given to the repealing clause, since to do so would be against the clearly expressed intention of the Legislature.

Appeal from a *pro forma* order of the Criminal Court of Baltimore City (WICKES, J.) The appellees were indicted

for acting as insurance brokers without having procured a license from the State of Maryland, contrary to the form of the Act of Assembly in such case made and provided. A demurrer to the indictment was filed and the Court passed the following order:

" The demurrer to the indictment in this case having come on for hearing and all 'the premises having been by the Court fully seen and understood, the counsel for both sides having requested the Court to sustain the said demurrer, with leave to the State's attorney to appeal in order that the Court of Appeals may speedily review and determine the questions involved, and the Court being of opinion that the said indictment and the matters therein contained are not sufficient in law to compel the defendants to answer thereto, and that no process upon the said indictment ought by the law of the land be laid against them, it is, therefore, on this 12th day of May, 1896, by the Court ordered that judgment be and the same is hereby entered *pro forma* for the said defendants on the demurrer, and that the said indictment be and the same is hereby quashed, and that they, the said defendants, be and they are hereby dismissed and discharged of the said indictment from the custody of the sheriff, and that they go thereof without day."

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE and BOYD, JJ.

*Harry M. Clabaugh,* Attorney-General, for the appellant.

*George Whitelock* (with whom was *Samuel D. Schmucker* on the brief ), for the appellee.

The correctness of the action of the Court below is the question now to be reviewed on this appeal, which has been taken by the State. Its solution depends first upon whether or not there is now any statute in force in Maryland under which the appellees are required to take out a license as insurance brokers, and secondly what that statute

is.  The Code, Art. 56, sec. 17 (Act 1868, chap. 209, sec.
17), provided as follows : " Any person applying for the
same and paying the sum of one hundred dollars, may ob-
tain a license for carrying on the business of insurance
broker."   This license was obviously to be obtained in Bal-
timore City from the clerk of the Court of Common Pleas.
(*Code*, Art. 56, sec. 1).   In another section of the same
article of the Code (sec. 24) any person using or exercising
the business or occupation of an insurance broker without
having procured a license as required by that article was
subjected to a penalty of $500.   By a subsequent statute
(1894, ch. 377), section 17 of Article 56 of the Code was
unqualifiedly repealed and four new sections were added to
Article 23 thereof entitled " Corporations."   These new
sections became sections 143 A, 143 B, 143 C and 143 D.
They changed the whole former system of issuing licenses
for conducting the business of insurance broker and pro-
vided that these licenses should be thereafter granted by
the Insurance Commissioner of the State, instead of the
clerk of the Court, prescribing a penalty of $500 for failure
to comply with the law in this respect.

On April 7th, 1896, the Governor approved a new law
passed by the last Legislature (Act 1896, ch. 266), in the
following language :

" An act to repeal chapter 377 of the acts of the Gen-
eral Assembly of Maryland passed at the January session,
1894, which was an act to repeal section 17 of Article 56
of the Code of Public General Laws, title ' Licenses,' sub-
title ' Brokers,' and to add additional sections to Article 23
of the Public General Laws of Maryland, title ' Corpora-
tions,' sub-title ' Insurance Department,' said sections to
follow section 143, and to be known as 143 A, 143 B, 143
C, 143 D.   Section 1.   Be it enacted by the General Assem-
bly of Maryland, that chapter 377 of the Acts of 1894 be
and the same is hereby repealed and that section 17 of
Article 56 of the Code of Public General Laws be re-en-
acted so as to read as follows :  Section 17.  Any person

applying for the same and paying the sum of one hundred dollars may obtain a license for carrying on the business of ' insurance broker.'    An ' insurance broker ' under the provisions of this section shall be one who makes the securing of policies of insurance from companies other than those commissioning him to act as agent, and who has a certificate so to do from the ' Insurance Commissioner of the State of Maryland.'    And the securing of such policies is a special feature of his business.    An agent of insurance holding a certificate as above, or a solicitor for the same, actually located and employed in the office of said broker or insurance agent as aforesaid for insurance shall not be deemed an insurance broker."

The inquiry now before this Court is, what is the meaning and effect of the foregoing Act of 1896, ch. 266, upon the insurance law of Maryland so far as licenses of insurance brokers are concerned.    1. The title of the Act of 1896, ch. 266, except in so far as it consists of mere quotation from the title of the Act of 1894, ch. 377, is : " An act to repeal chapter 377 of the acts of the General Assembly of Maryland passed at the January session 1894." The Constitution (Art. 3, sec. 29) provides that " every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."    One of the objects of this provision is, that the Legislature and the people of the State may be fairly advised of the real nature of pending legislation.    *State* v. *Norris*, 70 Md. 95.    And the rule applied to statutes under this constitutional provision has been invariably asserted to be this : That whilst the title need not contain an abstract of the bill, there must be no foreign, irrelevant or discordant matter introduced in the body of the statute.    Such matter, it is decided, will be rejected if other sections of the act can stand without it. *Scharf, Comsr.*, v. *Tasker*, 73 Md. 383.

In applying these doctrines it has been most solemnly determined by this Court that affirmative legislation is not valid under a title which discloses nothing except the repeal

of a former act, but that it is discordant and irrelevant matter which must be rejected. *Stiefel* v. *Maryland Inst. for the Instruction of the Blind*, 61 Md. 144 (recognized *Drennen* v. *Banks*, 80 Md. 320). But the repeal of the former law, being in strict conformity with the title, has been expressly held in such instance to be valid. *Stiefel's case, supra.*

This Court with a purpose to maintain the spirit of this organic law of the people of Maryland has recently, in two cases, held legislative acts void to the extent that they transgressed its provisions, treating the laws, however, as valid in so far as their enactments were covered by the title and in the second case separating the valid and the invalid portions of the act although contained in the same section. *Whitman* v. *State*, 80 Md. 410 ; *State* v. *Schultz Gas Fixture and Art Metal Co., ante*, p. 58.

It is, therefore, confidently submitted that the sole scope and legitimate effect of the Act of 1896, ch. 266, was to repeal the Act of 1894, ch. 377, and that any attempted enactment thereby of affirmative legislation was null and void within the purview of the State Constitution. Art. 3, sec. 29.

2. Did the repeal of the Act of 1894, ch. 377, revive sec. 17 of Art. 56 of the Code, which had been thereby repealed? At common law, where a statute that repealed another was itself afterwards repealed, there was undoubtedly a revival of the first statute. *1 Black Com. 90.* But this doctrine seems contrary to the principles of our State Constitution (Art. 3, sec. 29), which provides that "no law, nor section of law, shall be revived or amended by reference to its title or section only," and further provides that "it shall be the duty of the General Assembly, in amending any article or section of the Code of Laws of this State, to enact the same as the said article or section would read when amended." This provision is certainly intended to advise the Legislature and the people of the real nature of pending legislation (*70 Md. 95*). It cannot be gratified by reviving laws by implication. "Publicity and a knowl-

edge of the true effect and operation of every bill brought before the Legislature are the great safeguards against ill-considered and improper legislation." (*61 Md. 158*). These, it is submitted, can never be attained if defunct statutes are to be revived by a mere implication because of the repeal of acts which themselves repealed them.

The counsel for the appellees have been unable to find any case in Maryland in which it has been determined whether a repealed law is or not revived by the repeal of the act which abrogated it, but in Kansas, where the question was presented under a constitutional provision that no law should be revived or amended unless the new act should contain the entire act revived, it was held there was no revival. *Renter* v. *Bauer*, 3 Kansas, 503. This Court will hardly revive by inference against these defendants a penal statute which must, according to the well-settled law, be strictly construed against the State. It seems, therefore, clear that the repeal of the Act of 1894, ch. 377, did not revive Art. 56, sec. 17, of the Code, which had been itself thereby repealed, and if this conclusion be correct, there is no existing law in Maryland requiring insurance brokers to take out a license, and the lower Court passed a proper order when it sustained the demurrer of the appellees to the indictment and quashed the latter.

3. If this Court should, however, believe that the Act of 1896, ch. 266, is not obnoxious to the constitutional objections hereinbefore mentioned, it is submitted that all of the said law except that portion which repeals the Act of 1894, ch. 377, is inexplicable, contradictory and altogether absurd, and should be declared void. *Campbell's case*, 2 Bland, 209. Its definitions of insurance brokers and its reference to them as persons commissioned by the Insurance Commissioner, who, in fact, issues commissions to companies' agents alone and not to brokers. (*Code*, Art. 23, sec. 126, 1894, ch. 290), are irrational. It is not improbable that the Legislature intended to do precisely what it has not done, but this Court cannot correct or modify the language of the law. *Maxwell* v. *State*, 40 Md. 273.

4. But if this Court holds the Acts of 1896, ch. 266, to be valid throughout, then the defendants are by its express terms not to be deemed insurance brokers because they are " agents of insurance," holding the certificate mentioned in the statute to act as agents of the Girard Fire and Marine Insurance Company.    On this account, if for no other reason, the lower Court must be sustained and the indictment be held to have been properly quashed.

FOWLER, J., delivered the opinion of the Court.

The appellees were indicted in the Criminal Court of Baltimore City for failure to take out licenses as insurance brokers as required by the law of this State.

The controlling, indeed the only question to be considered on this appeal is as to the effect of the Act of 1896, chapter 266.    It appears from the title of this act that its sole object was to repeal the Act of 1894, chap. 377, but upon examination of the body of the act we find therein new and affirmative legislation.    It was contended by the traversers that while the Act of 1896, chap. 266, is clearly void as being in violation of sec. 29, Art. 3, of the Constitution, so far as the new and affirmative legislation is concerned, yet the effect of the act was, as set forth in its title, to repeal the Act of 1894, chap. 377.    The result of upholding this view would be to strike down all statutes requiring insurance brokers to take out licenses to carry on their business in this State.    We cannot suppose that such was the intention of the Legislature.    On the contrary, it is apparent from the face of the act itself that the intention was to compel the payment of the same license fee theretofore enacted, namely, the sum of one hundred dollars.    Inasmuch, therefore, as it would clearly thwart the intention of the law-makers, and at the same time strike down an important branch of the revenue law of the State, we should not, unless required so to do by some unbending rule of construction, give this repealing law the effect imputed to it by the traversers.    It has been repeatedly held that where

a repeal of a prior law is inserted in an act in order to secure the unobstructed operation of such Act, and the repealing law is itself held to be void, the provision for the repeal of prior laws will fall with it, and the whole law will be declared inoperative and void. In the case of *Campau* v. *Detroit*, 14 Mich. 276, it was held by the Supreme Court of that State, JUDGE COOLEY delivering the opinion, that whether one part of the repealing law would be allowed to stand, while others were declared void, " must depend upon whether, by the amendatory law, it is apparent that the Legislature intended them as inseparable parts of the same system, mutually dependent upon each other." By the repealing law under consideration in *Campau* v. *Detroit*, it was attempted to amend three sections of a former law, and it was contended that two of the amended sections could stand, notwithstanding the others failed. But JUDGE COOLEY said : " We know of no principle which would warrant us in selecting out portions of the sections to stand unaffected by the constitutional infirmity of the remainder." And especially should this not be done when, to hold the repealing part of the law valid and the remainder void, would be obviously contrary to the intention of the Legislature.

In support of their position the traversers relied strongly upon the case of *Stiefel* v. *Trustees of the Blind Asylum*, 61 Md. 144. In that case it was held that the first section of the Act of 1880, ch. 403, was operative, and repealed the Act of 1872, ch. 363, and that the second section, which attempted to enact affirmative legislation, was void. In the first place, it will be noticed that the Act of 1880 contains two sections, the first of which contains only the repealing clause, and the second the additional legislation, which it was held was not covered by the title. Nor does it appear by the Act of 1880 that the Legislature intended the first and second sections thereof to be inseparable and mutually dependent upon each other, so that if one should be held void the other must fall also. On the contrary, the first section, the effect of which, it was held, was to repeal the

Act of 1872, and thereby withdraw from the Trustees of the Blind Asylum the right to divert a public highway, may well stand alone.    It is in no manner necessarily connected with or dependent upon the second section, nor would its operation in any way conflict with the intention of the Legislature as expressed in the whole act.    It would appear that the object of the Legislature in passing the Act of 1880 was to restore North street to the location it had before the Act of 1872 was passed, and to provide for its opening. The accomplishment of this intention was secured by the decision in *Stiefel's case*, for by the first, section the Act of 1872 was repealed, thus taking from the trustees the right to change the location of North street when extended, and leaving it where it had been located before the Act of 1872 was passed.    And, although the second section was declared void, and therefore the particular mode thereby provided for opening North street could not be availed of, yet there was ample provision made in then existing laws for that purpose.    By the decision in *Stiefel's case*, therefore, the object of the Legislature was accomplished, while, as we have shown, the application of the same rule which was applied in that case to the Act of 1880 would, if applied here to the Act of 1896, produce directly the contrary result, and our conclusion therefore is that the Act of 1896, ch. 266, is invalid and void.

We find nothing in conflict with this view in *Scharf* v. *Tasker*, 73 Md. 385 ; *Whitman* v. *State*, 80 Md. 410, nor in *State* v. *Schultz Co.*, *ante*, p. 58.

The demurrer to the indictment should have been overruled, and the judgment appealed from must, therefore, be reversed.

*Judgment reversed and cause remanded.*

(Decided June 19th, 1896).