JOHN C. HAYS, RESPONDENT, v. RALPH KRASNY, JACOB SCHULTZ AND JOSEPH PLOFSKY, CO-PARTNERS, TRADING AS HAWTHORNE SASH AND DOOR COMPANY, APPELLANTS.

Submitted February 9, 1925—Decided March 16, 1925.

Where defendants received lumber, in response to an order placed by them, with knowledge that the lumber but partially complied with the sizes contained in their order, complained only of the quality of the lumber furnished to them and transferred the lumber from the car to their yard, retained it in the yard without notifying the seller of its rejection, and sold some of the lumber, it was a proper question for the jury to determine whether the defendants had accepted the shipment.

On appeal from the Essex Circuit Court.

For the appellants, *Charles B. Clancy.*

For the respondent, *J. Tracy Horton.*

The opinion of the court was delivered by

.-LLOYD, J. This is an appeal by the defendants in the court below, trading as Hawthorne Sash and Door Company, from a judgment rendered against them in the Circuit Court of Essex county, in favor of John C. Hays, the plaintiff in the action. The appeal is based wholly on the refusal of the court to direct a verdict in favor of the defendants. The action was to recover the value of a carload of lumber shipped by Hays to the sash company, and to determine the propriety of the ruling complained of, a short statement of the facts that the jury might have found is essential.

These are that on February 19th, 1923, the appellant signed an order directed to the respondent calling for the shipment of twenty thousand feet of assorted lumber. No part of the order was shipped immediately, but on March 12th, 1923, Hays sent to the sash company a bill or invoice specifying a quantity of lumber aggregating upwards of twenty-three thousand feet, but of sizes only partially complying with those contained in the order. The lumber corresponding to the invoice was subsequently shipped in what is called a diverted car which had originally been intended for other purchasers in Newark, the plaintiff below explaining that lumber was difficult to obtain. Approximately two weeks after the lumber arrived the appellants complained that the lumber was not of the grade ordered. On this complaint being received· the seller called a National Hardwood Association man according to custom to inspect the lumber. The inspector's examination disclosed a slightly smaller quantity of lumber and for that the claim was made before the jury. The lumber had then been taken out of the car and was in the yard of the sash company and part of the lumber had been sold by it.

From these facts, if believed by the jury, an acceptance of the lumber could be inferred, and on this theory the learned

trial judge submitted the case to the jury. By section 48 of the Sale of Goods act (*Comp. Stat., p.* 4658), it is enacted that "the buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and *he does any act in relation to them which is inconsistent with the ownership of the seller,* or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them."

The receipt of the invoice apprised the defendants of the lumber that was being shipped, and it was apparent therefrom that it but partially complied with the sizes contained in their order. With this knowledge they subsequently received the lumber and transferred it from the car to their yard, complaining only of the quality of the lumber. They retained the lumber in their yard without notifying the seller that it had been rejected. On the contrary, with the knowledge of what had been shipped and delivered, they sold some portions of the shipment. These acts on the part of the defendants were inconsistent with the continued ownership of the seller; on the contrary, they exhibit the exercise of a property right in the buyer.

The case was clearly one for the jury; its submission by the court below was correct and the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 16.

*For reversal*—None.