GEORGE W. RAWLINGS et al. v. JOHN A. RUSSELL.

[No. 42, October Term, 1933.]

*Decided June 27th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Benjamin Michaelson,* for the appellants.

*Louis Strauss,* for the appellee.

URNER, J., delivered the opinion of the Court.

The Circuit Court for Anne Arundel County correctly decided in this case that a registration of voters and a primary election could not be legally held in Annapolis on the second Monday of June in the present year, as provided by chapter 120 of the Acts of 1933. That act purported, by the repeal and re-enactment with amendments of sections 1, 3, 4 and 8 of article 2 of the Code of Public Local Laws, to redefine the corporate limits of Annapolis, to abolish the elective office of counselor of the municipality, and substitute the appointive office of city attorney, to change the corporate

name from mayor, counselor and aldermen to mayor and aldermen of the City of Annapolis, to enlarge from two to three years the terms of office of the mayor and aldermen, to change the date of the municipal elections from the second to the first Monday of July in each year for which an election was provided, and the date for the primary election for the nomination of candidates from the third Monday of June to the third Tuesday of April, except in the year 1933, and to change the dates for the registration of voters, and revision of the registries, from the second and third Mondays of May to the second and third Tuesdays of March, except in the year 1933, and to change from the second Monday of April biennially to the second Tuesday of February triennially the date for the appointment, by the mayor and aldermen, of three supervisors of election, by whom the city registration and election officials were to be selected. It was provided by the amending act that in the year 1933 the dates for the registration of voters and revision of the registries should be the second and third Mondays of June, and that the primary election for the nomination of candidates should also be held on the second Monday of that month.

Prior to June 1st, 1933, when the Act of 1933 was by its terms to become effective, a registration of the voters of Annapolis had been made and revised in accordance with the statutory provisions then in force, but after the 1st of June the supervisors of election previously appointed were providing for a registration and a primary election to be held simultaneously on the second Monday of June, as the Act of 1933 directed. In this proceeding the effort to hold the proposed registration and primary election on that date was successfully resisted.

It is clear that the provision for conducting the specified registration and primary election on the same day was impractical and invalid. The registration directed for that day was not intended to be final, but was subject to revision a week later. That revision might result in the elimination of many registrants from the list compiled on the preceding

Monday. Challenges of voting qualifications could not be decided on the first day of the registration, but would have to be reserved until the day of revision. Participants in a primary election on the second Monday of June, all of whom would have been registered during the coincident voting period, might include a number of voters whose names would be removed from the registries, under the prescribed revision, because they were proved to be disqualified to vote in the election. The result of the primary contest might be determined by the votes of persons thus found to have had no right to participate. This would involve the further serious possibility that the voters in the subsequent municipal election would be required to choose between candidates whose nomination was accomplished in the primary election by a minority of the participating qualified voters. In view of these considerations, we have not been able to regard the provision for a concurrent registration and primary election as a feasible and valid enactment. The fact that an absence of competition for the nominations might obviate a primary election does not overcome the objection to the validity of the provision. It is void because of the invalidating effect which its prescribed and complete operation would produce. *Curtis v. Mactier,* 115 Md. 386, 80 A. 1066; *Grote v. Rogers,* 158 Md. 685, 694, 149 A. 547.

There remains the important question as to how far the invalidity of that provision affects the legislation of which it forms a part. The effect of our decision is that no election of municipal officers can be held under the Act of 1933. An election could not be held, under that act, without a preceding registration of voters, and none can be authorized under it for any date other than that which the act invalidly attempted to designate. But it was the repeatedly expressed purpose of the Act of 1933 that there should be an election in July of that year for executive and legislative officers for the city of Annapolis. While, in default of such an election, the city would not be without a government, as the incumbent officers, whose terms expire in July, 1933, would con-

tinue to serve in their respective capacities until the election and qualification of their successors (*Benson v. Mellor*, 152 Md. 481, 137 A. 294), yet it is perfectly manifest that such a contingency was not contemplated when the Act of 1933 was drafted. The nullification of its provision designed to assure a municipal election in 1933 leaves the act ineffective to accomplish one of its essential purposes. Without such a provision it is not conceivable that the act would have been passed. In regard to an analogous question in *Curtis v. Mactier, supra*, page 399 of 115 Md., 80 A. 1066, 1071, this court said: "it would be impossible to believe upon either theory that, if the act had been presented to the Legislature with the features eliminated which we have held invalid, it would have been passed by the Legislature, or, if passed by it, that the voters at the referendum would have adopted it, and we are of opinion, therefore, that the whole act must fall." That principle was also applied in *Maryland Jockey Club v. State*, 106 Md. 415, 67 A. 239; *Somerset County v. Pocomoke Bridge Co.*, 109 Md. 1, 71 A. 462; *Nutwell v. Anne Arundel County*, 110 Md. 667, 73 A. 710; *State v. Rice*, 115 Md. 317, 80 A. 1026; *Painter v. Baltimore County*, 119 Md. 466, 87 A. 413; *Baltimore v. O'Conor*, 147 Md. 639, 128 A. 759; and *Storck v. Baltimore*, 101 Md. 476, 61 A. 330.

All of the provisions of chapter 120 of the Acts of 1933 have such an interdependent relation that we would not be justified in regarding any of them as having continued force and effect notwithstanding the invalidation of the one which has been particularly discussed. Each of the other provisions is directed to some change in the pre-existing law which would presumably not have been attempted except upon the belief that every other purpose of the act would be fulfilled. The extension of official terms from two to three years, beginning with the election of 1933, and the consequent postponement to 1936 of the succeeding election, had a purpose which was plainly consecutive and inseparable. The new definition of the municipal boundaries was accomplished by a direction

for a division of the redefined area into four wards in connection with the provision for the election of 1933. In anticipation of such an election the office of counselor was abolished, and the elective officials limited to the mayor and aldermen. With the same expectation the name of the municipal corporation was correspondingly altered, as already noted. The change in the date for the appointment of the supervisors of election was purposeless apart from the electoral objects of the act. Our conclusion, therefore, is that the whole of chapter 120 of the Acts of 1933 is inoperative because of the nullity of the provision relating to the registration of voters, the nomination of candidates, and the election of municipal officers during the present year. The Code sections sought to be amended by that act consequently remain in force. *State v. Benzinger*, 83 Md. 481, 35 A. 173; *State v. Rice, supra; Bangs v. Fey*, 159 Md. 548, 556, 152 A. 508.

Under those sections a registration of the voters of Annapolis appears from the record to have been duly conducted on the second Monday of May, 1933, and revised on the succeeding Monday, preliminary to a primary election to be held on the third Monday of June and a general municipal election to be held on the second Monday of July. A primary election became unnecessary because of the fact that no competitive candidacies for any of the nominations were legally presented. While three certificates were filed with the supervisors, by members of one of the political parties, for nomination as candidates for the two aldermanic positions to be filled from a certain ward, it is shown by the record that one of the certificates was filed too late for acceptance under the law, even with regard to the later primary election date which the unamended statute appointed. If the certificates of unopposed candidates for any of the nominations for the various municipal offices were directed to the purposes of a primary and municipal election under the Act of 1933, or were filed by residents of the additional area proposed by that act to be brought within the corporate limits of Annapolis, then such certificates are ineffective, and vacancies exist with respect to such nominations, which vacancies may be

filled as provided by section 203 of article 33 of the Code of Public General Laws, the provisions of which article are expressly made applicable to primary elections in Annapolis by section 3 of article 2 of the Local Code. The pertinent provision of section 203 of article 33 is that any such vacancy which "may exist by reason of there being no candidate for the same in any such primary election or otherwise, shall be filled as the rules and regulations of the governing bodies for the respective parties in the counties, city or State may now or shall hereafter provide."

For the reasons we have indicated, and because the invalidation of the entire Act of 1933 leaves unchanged the municipal area with reference to which a registration was completed under the law previously and still in force, there is in our judgment no legal impediment to an election, on the second Monday of July, 1933, of a mayor, a counselor, and eight aldermen of the City of Annapolis.

This opinion modifies and supersedes the *per curiam* order filed in this case on June 21st, 1933.

*Order appealed from affirmed, with costs.*