AUGUSTUS C. BINSWANGER *v.* LULA B. WHITTLE ET AL.

[No. 11, January Term, 1939.]

*Decided October 28th, 1938.*

The cause was argued, as of the October Term, before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Augustus C. Binswanger,* for the appellant.

*Richard W. Kiefer* and *J. Kemp Bartlett, Jr.,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellant, by his petition in the Circuit Court, sought to compel removal, from the registration books of one of the election precincts in Baltimore County, of the names of such persons as had been placed on them since September 11th, 1932, as qualified voters, and in an exhibit specified the names of six persons which should, according to his contention, be so removed. His purpose in the proceeding is to contest the validity of the Act of

1916, ch. 569, now section 20 of article 33 of the Code, under which the names were registered, on the ground that it violates the requirement of uniformity in the Constitution of the State, article 1, section 5.

The petition is filed under a statute providing procedure for striking names from the registration books, section 27 of article 33 of the Code, and one of the requirements of the section is that the persons whose names are sought to be stricken off shall be summoned. None of those to be affected in this instance have been summoned, or have come before the court, and the proceeding has not, therefore, been initiated at all as prescribed.

The petitioner argues that as he raises a question of law, attacking a statute generally, the summoning of the particular persons cannot be considered material. But in addition to the fact that the statute commands it, an opportunity to those persons to be heard on their cases would seem material as a requirement of fair, orderly justice. And there is no proceeding by petition to secure a declaratory decision on such a question.

An application for an order to notify the individuals by publication was properly denied, as publication would not be a compliance with the requirement of summons.

The Board of Registry of the precinct, and the Board of Supervisors of Election, were named as respondents on the petition, but there is no provision for proceeding against the former board alone, and the Board of Supervisors would have no place in a proceeding concerning the names of registrants, for matters of registration have not been committed to it.

But while the question has not been placed before the court in a proper proceeding, its importance, and the force of the argument on it, seem to render it desirable that the contentions made be answered. The constitutional provision (article 1, section 5) is that "The General Assembly shall provide by law for a uniform Registration of the names of all the voters in this State who possess the qualifications prescribed in this Article," that is, as provided in section 1 of the article, of every citizen

of the age of twenty-one years or upwards, of the necessary residence. The Act of 1916, ch. 569 (Code, art. 33, sec. 20), provides for registration in the counties on Tuesdays before primary elections of all persons not already on the books and who shall be entitled to vote at the next general elections, and expressly excepts Baltimore City from the effect of the enactment. Registration in Baltimore City is provided for in section 29 of the article and in section 18 of the city charter. In the view of the petitioner this presents a lack of the constitutional uniformity.

As the constitutional provision was adopted, first, in the Constitution of 1864 (article 1, section 2) long before the time of any public regulation of primary elections of political parties, beginning in 1908, it is questioned whether it can have any application to registration for primary elections. But if that objection be passed, we find that the petitioner's complaint is against only one of many differences in laws for registration in the respective jurisdictions. See sections 28 to 28H, 29 to 29S, in article 33 of the Code, as amended. Obviously the statutes have for many years adapted registration provisions to the demands of convenience in the various parts of the state, and the present complaint would involve a recasting of the registration system.

This court has, however, already expressed the opinion that uniformity in the times of registration in all portions of the state is not required by the Constitution. In *Bangs v. Fey*, 159 Md. 548, 556, 152 A. 508, 511, the court said, "It was suggested that there might be some question of the validity of laws which provide for quadrennial registration in Baltimore, and for other times for general registration elsewhere in the state, but we fail to see the force of such argument * * * so long as the qualifications for registration are the same." The requirement is thought to be concerned, not with perfect uniformity in time and other conditions which would not substantially and unreasonably affect the voting franchise of residents, but only with the more important mat-

ter of uniformity in the basis of the franchise. Whether there might be an unconstitutional deprivation of it by some unreasonable arrangement of times of registration in one jurisdiction and another we need not now consider, as the laws in force do not, in our opinion, present a case of any such deprivation.

There are other questions involved in the contentions urged, but it seems unnecessary to take them up.

*Order affirmed, with costs.*