This is an appeal from a judgment entered in the Law Division dismissing the plaintiff's complaint. *Page 147 
On April 19, 1949, a primary election to nominate candidates for the office of a Township Committeeman was held in the Township of Woodland. The Republican candidates for the office were William T. Sloan and plaintiff Walter A. Brower. Their names were the only ones printed on the Republican primary ballot as candidates for the office. Mr. Sloan and Mr. Brower received the same number of Republican votes and as a result of the tie vote the selection of a Republican candidate was submitted, in accordance with R.S. 19:13-20, to Charles B. Gray and Mrs. Sadie T. Sloan, the two members of the Republican County Committee representing the Township of Woodland. Mrs. Sloan, the mother of William T. Sloan, voted for her son and Mr. Gray voted for Walter A. Brower. At the primary election William T. Sloan received the Democratic nomination by having his name written upon the Democratic primary ballot and has consented, pursuant toR.S. 19:23-16, to stand as such candidate at the general election.
On May 26, 1949, plaintiff filed his complaint in the Law Division alleging the foregoing and seeking an order directing the members of the County Committee to designate plaintiff as the Republican candidate for Township Committeeman. The complaint named Charles B. Gray, Mrs. Sadie T. Sloan and the County Committee as defendants but neglected to join William T. Sloan as a party. In due course, the defendant Mrs. Sadie T. Sloan filed her answer and thereafter, the plaintiff sought summary judgment and the defendant sought dismissal of the complaint. On August 18, 1949, the court denied the plaintiff's application for summary judgment and dismissed the complaint.
Plaintiff's contention is that under R.S. 19:13-20 William T. Sloan, by accepting the Democratic nomination, has disqualified himself as a Republican candidate; that, as a result, the only eligible person for selection is plaintiff Walter A. Brower; and that his selection by the County Committee is a ministerial act, involving no exercise of discretion, which may be commanded by the court in a proceeding in lieu of prerogative writ (Rule
3:81-2). The defendant's contention *Page 148 
is that under a proper construction of R.S. 19:13-20 William T. Sloan is eligible to receive and accept the Republican nomination; that the duty of selecting between plaintiff Walter A. Brower and William T. Sloan rests, under the terms of R.S.
19:13-20, with the members of the County Committee; and that this court may not direct the exercise of their discretion in favor of plaintiff Walter A. Brower. The defendant advances the additional contention that if R.S. 19:13-20 is construed to prohibit the County Committee from selecting one of the two candidates who received the tie vote solely because he accepted a "write-in" nomination from the Democratic party, it is an unconstitutional invasion of the right of suffrage. See In re City Clerk ofPaterson, 88 A. 694 (Sup. Ct. 1913), not officially reported; Ransom v. Black, 54 N.J.L. 446, 461 (Sup. Ct.
1892); affirmed, 65 N.J.L. 688 (E. A. 1893). See, also, Inre Callahan, 200 N.Y. 59, 93 N.E. 262 (Ct. App. 1910), and other cases collected in 153 A.L.R. 641 (1944).
The constitutional question sought to be raised was not passed upon by the Law Division; no opportunity to be heard has been afforded the Attorney General as contemplated by Rule 3:24-2; the matter has not been fully briefed in this court; and the appellant has pointed to the need for an immediate determination. Under these circumstances we would be disinclined to pass upon the interesting and important constitutional issue presented; in any event, we find no necessity for doing so since we are satisfied that under a proper construction of the statute the plaintiff should not presently receive the relief he seeks.
When plaintiff Walter A. Brower and William T. Sloan became candidates at the Republican primary, they certified, underR.S. 19:23-7 and 19:23-15, that they were qualified for the office they sought, were members of the Republican party, and would accept the nomination. The aforementioned statutory provisions were contained in the 1930 Revision of the Election Law (P.L. 1930, c. 187) which also embodied, in R.S.
19:23-16, provision for acceptance by any person nominated by "write-in" vote, and in R.S. 19:14-9, provision *Page 149 
for ballot designations where the candidate has been nominated by more than one political party. This latter provision was an express legislative recognition of the general propriety of accepting nominations from more than one political party and has never been expressly amended or repealed.
R.S. 19:13-20, as originally taken from the 1930 Revision, dealt with the filling of vacancies and the selection of a candidate in the event of a tie vote at the primary and provided that, in the latter event, the selection shall be made between those receiving the same number of votes. The statute also contained a provision for the filing of a statement of the selection made thereunder. In 1945 the statute was amended byP.L. 1945, c. 263 to require that there accompany the statement of selection, a certificate, by the person indorsed therein, that he is qualified to be a candidate for the office and consents to stand as a candidate at the general election, that he is a member of the political party named in the statement, and "further that he is not a member of, or identified with, any other political party or any political organization espousing the cause of candidates of any other political party." It is not suggested that William T. Sloan is not a bona fide
member of the Republican party or that he would not be willing to stand as a candidate of that party at the general election. It is, however, urged that by accepting the "write-in" Democratic nomination he has identified himself with that party and would, therefore, be unable to sign the required certificate.
In the light of the general legislative recognition in R.S.
19:14-9 of nominations by more than one political party and the doctrine that statutory disqualifications of candidates are to be construed strictly (In re Ray, 26 N.J. Misc. 56, 59 (Cir.Ct. 1947)), we are not at all certain that Sloan's acceptance of the "write-in" nomination identified him with the Democratic party within the contemplation of P.L. 1945, c. 263. Nor are we satisfied that the certificate requirement, although it might be deemed appropriate to the selection of a new candidate to fill a vacancy, should be construed to extend to a selection, in tie vote cases, from candidates of the party who have theretofore filed the required statements with respect *Page 150 
to their qualifications and party affiliations and who have received the same number of votes. Even assuming, for present purposes, that the foregoing doubts are to be resolved in plaintiff's favor, we do not believe that Sloan's acceptance of the "write-in" Democratic nomination automatically disqualified him from further consideration for selection by the members of the County Committee. The statute requires that the certificate accompany the statement of the selection; it does not purport to obligate the candidate to execute the certificate until after the selection has been made. If Sloan were now selected by the members of the County Committee there would appear to be no obstacle to his withdrawal of acceptance of the Democratic nomination, if he so chose, and his execution, in due time, of the certificate. Accordingly, we are of the opinion that the members of the County Committee may, even at this time (P.L.
1948, c. 261), select, in the exercise of their discretion, either Sloan or the plaintiff; that being so, there would admittedly be no authority in this court to direct that they select the plaintiff, as he seeks in this proceeding.
The judgment below is affirmed.