## NUTWELL *v.* BOARD OF SUPERVISORS OF ELECTIONS OF ANNE ARUNDEL COUNTY

[No. 60, October Term, 1954 (Adv.).]

*Decided, per curiam, August 25, 1954.*

*Opinion filed October 7, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS and HAMMOND, JJ.

*Thomas J. Curley,* with whom were *Robert S. Heise* and *John B. Wright* on the brief, for the appellant.

The Court declined to hear argument for the appellee.

*Louis M. Strauss,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order and decree sustaining a demurrer and dismissing appellant's bill of complaint.

The facts of the case substantially follow. A primary election was held in Anne Arundel County on June 28, 1954. Among other contests in that primary election was that for the Democratic nomination for County Commissioner from the Seventh Election District of Anne Arundel County. Three candidates filed for said nomination, namely: George M. Nutwell, Paulina W. Remey, and John W. Parks. The official tabulation of the results of the primary election for said office, as recorded by the Board of Supervisors of Election of Anne Arundel County, showed that George M. Nutwell and Paulina W. Remey received the highest vote, 254 votes for each, being a tie vote. At said primary election seven new members were elected to the Democratic State Central Committee of Anne Arundel County. After said election, four of these newly elected members voted for and designated Paulina W. Remey to be the Democratic nominee for County Commissioner from the Seventh Election District of Anne Arundel County at the general election to be held on November 2, 1954. As a result, the State Central Committee of Anne Arundel County has notified and requested the Board of Supervisors of Elections to list Paulina W. Remey as the Democratic nominee.

On July 13, 1954, George M. Nutwell filed a petition for an injunction in which he alleged substantially the

facts hereinbefore recited; that the Democratic State Central Committee had arbitrarily designated Paulina W. Remey to be the Democratic nominee for the contested office; and that the action of said Democratic State Central Committee was invalid. He asked that a writ of injunction be issued enjoining the Board of Supervisors of Elections of Anne Arundel County from certifying said Paulina W. Remey as Democratic candidate for said contested office and for other and further relief. A demurrer was filed to that petition. The chancellor by order and decree sustained the demurrer and dismissed the bill of complaint with costs and appellant appeals.

The appellant contends that such a tie vote does not create a vacancy and that a special run-off election should be held between the two candidates aforesaid. He relies on *State ex rel. Hopper v. Board of Election Commissioners,* 196 Ind. 472, 149 N. E. 69, and *Brower v. Gray, et al.,* 5 N. J. Super. 145, 68 A. 2d 553. These cases are not helpful on the question here presented. He also relies on the Acts of 1953, Chapter 737, Sec. 1, 234 (c), which provides: "At the primary elections held in Anne Arundel County at which candidates are to be selected for the positions of County Commissioners, the voters of each of the eight districts of said county shall determine for themselves who shall be their candidate to be voted for at the general election, and therefore, the names of the persons who file their names for the position of County Commissioner, in accordance with the General Primary Election Law, shall be placed by the Supervisor of Elections in said County, only upon the ballot in the district where the candidate resides, and the candidate who receives the greatest number of votes in the district where he resides at the primary election, shall be certified to by the Supervisors of Elections as the nominee of the political party to which he belongs, and the name of said nominee shall be placed on the official ballot to be used in the general election." The primary election held on June 28, 1954, was so conducted.

There is no provision in this Act that in case of a tie vote there must be another special run-off election.

Where there is a tie vote in the election of two candidates, the selection of one of them by designated persons is not unknown to the law in this State. By Article 5, Section 2, of the Constitution of Maryland, in case of a tie vote between two or more persons for the office of Attorney General, it is the duty of the Governor to designate one of said persons to qualify as Attorney General. By Article 5, Section 8, of the Constitution of Maryland, in case of a tie vote between two persons running for the office of State's Attorney, the Judges of the Criminal Court, having jurisdiction, are to designate one of said persons to qualify as State's Attorney. Code, (1951), Article 33, (Elections), Section 64, provides in part: "Any vacancy which may exist in respect to any office, delegates to convention, or position named in this sub-title occurring after the returns have been canvassed and finally announced or which may exist by reason of there being no candidate for the same in any such primary election or otherwise, shall be filled as the rules and regulations of the governing bodies for the respective parties in the counties, city or State may now or shall hereafter provide." In *Usilton v. Bramble,* 117 Md. 10, there were two candidates, James Bramble and John P. Nicholson, for the Democratic nomination for the office of Judge of the Orphans' Court for Kent County. At the primary election held on August 29, 1911, these two candidates received an equal number of votes. The newly elected State Central Committee of the Democratic party of Kent County designated and appointed Mr. Bramble as the nominee for that office. In that case the appellants, the Supervisors of Elections of Kent County, among other things, contended that no vacancy existed by reason of the tie vote. This Court, in affirming the trial court and the action of the newly elected State Central Committee in designating Mr. Bramble as the nominee, there quoted part of Chapter 741. Section 160K, of the Acts of 1910, which is identical

with the part of Article 33, Section 64, supra, hereinbefore quoted, and there said: "That provision is undoubtedly broad enough to include this case, as when there is a tie between two candidates at the primaries there is a vacancy within its meaning, as no one is selected as the nominee for such office or place, and the expression '*or otherwise*' would seem to leave but little room for discussion. * * * We are of opinion, therefore, that the newly elected members constituted the State Central Committee on September 8th, 1911, and that their action in then designating James Bramble as the nominee was valid, * * *." See No. 27, *Official Opinions of Attorney General of Maryland,* 162; *Rawlings v. Russell,* 165 Md. 261, 267, 167 A. 186.

The appellant admits that the case of *Usilton v. Bramble, supra,* is directly in point and cannot be distinguished on the question now before this Court. He urges, however, that we reverse that opinion. If any change is to be made in the Maryland election laws, such change cannot be made by this Court, but only by the Legislature. The above quoted part of Article 33, Section 64, supra, has been in the election laws of this State since its first enactment in 1910. This Court, in *Usilton v. Bramble,* supra, decided on November 22, 1911, that the words "or otherwise" applied to a tie vote and that a vacancy was thereby created. The Legislature has amended the election laws many times since that decision but has not changed the language above quoted. Where the Legislature has acquiesced in the judicial or administrative construction of a statute, there is a strong presumption that the intention of the Legislature and the words used by it have been correctly interpreted, and such an interpretation "ought not to be disregarded but upon the most imperious grounds". *Hess v. Westminster Savings Bank,* 134 Md. 125, 132, 106 A. 263; *Wells v. Price,* 183 Md. 443, 456, 37 A. 2d 888; *Dept. of Tidewater Fisheries, et al. v. Sollers, et al.,* 201 Md. 603, 615, 95 A. 2d 306, and cases there cited. The validity of the nomination of County Commissioners by districts was

not raised in this case. *Buckler v. Bowen,* 198 Md. 357, 373. For these reasons we passed a *per curiam* order on August 25, 1954, affirming the order and decree, with costs.