STATE EX REL. KEMPINGER, Appellant, vs. WHYTE and others, constituting the State Board of Health, Respondents.

*May 12—June 6, 1922.*

*Licenses: Embalmers and undertakers: Constitutional law: Classification unrelated to subject matter: Effect.*

1. Ch. 464, Laws 1921, which requires an undertaker to procure an embalmer's license, is invalid and cannot be sustained as essential to the public health, safety, convenience, or comfort, since the two callings are too vitally different to permit them being put under one classification.
[2. In this case it is assumed that both undertakers and embalmers can be required to be licensed under reasonable regulations.]
3. The provision of ch. 464, Laws 1921, requiring embalmers to procure a license, and providing that all persons who are engaged in the undertaking business on January 1, 1921.

should be licensed as embalmers without examination, is specially void, being based on a classification which bore no relation to the subject matter.

4. The single purpose of ch. 464 was to require all undertakers or embalmers to secure an embalmer's license and that the provisions of the act be carried into effect as a whole. The invalidity of the provision requiring undertakers to procure such license therefore invalidates the entire act.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action of *mandamus.* The relator was on January 1, 1921, engaged in the business of undertaking in the city of Oshkosh. On September 9, 1921, he applied to the state board of health for an embalmer's license under sec. 1409—3, Stats. 1921, and complied with the requirements of the statute. The board refused to issue the license on the ground that secs. 1409—1, 1409—3, and 1409—5 of the Statutes of 1921, enacted by the passage of ch. 464, Laws of 1921, were unconstitutional. So far as material to the questions raised by the appeal that statute reads:

"Section 1409—1. 1. The state board of health is hereby authorized and empowered to determine the qualifications necessary to enable any person to lawfully and properly embalm dead human bodies and disinfect the premises where such bodies may have been, and to adopt and enforce such other rules and regulations governing the education, examination, and licensing of funeral directors and embalmers as said board may consider necessary. The said board shall appoint a committee of examiners for the examining of embalmers, consisting of three licensed embalmers who, under the supervision of the state board of health, shall conduct all examinations and shall submit to the board its recommendations. The state board of health shall issue an embalmer's license to all persons who successfully pass such examination. No person shall embalm any dead human body, unless he or she shall hold a valid, unrevoked and unexpired license from the Wisconsin state board of health authorizing him or her to practice the art of embalming. It shall be unlawful for any person not a

State ex rel. Kempinger v. Whyte, 177 Wis. 541.

licensed undertaker, funeral director or embalmer as herein provided, to act as an embalmer, assistant embalmer, undertaker or funeral director, or to prepare dead human bodies for burial, cremation, or transportation, except under the immediate and personal direction of a licensed embalmer, and any person practicing the art of embalming, or advertising or holding himself out to the public as an embalmer, or undertaker, or funeral director, or using any other title intending to imply or designate him or her as an embalmer, undertaker or funeral director by card, sign, solicitation or otherwise without first obtaining a license from the state board of health, shall be deemed guilty of a violation of this section. Nothing in this section shall prohibit a person from caring for and burying the deceased members of his own family or caring for and burying the dead without compensation.

"2. The term 'embalming' as used in this section shall be taken to mean the disinfection or preservation of the dead human body, entire or in part, by the use of chemical substance, embalmers' fluids or gases on the body, or by the introduction of the same into the body, by either arterial or cavity embalming or hypodermic injection of fluid ordinarily used in embalming. The finding of any such chemical substance, fluid or gas, ordinarily used in embalming, or any trace, evidence or appearance thereof upon a dead human body, the use of which is prohibited by law, except by a licensed embalmer, or the placing thereof upon a dead human body by any person who is not a holder of a valid, unrevoked and unexpired embalmer's license from the state board of health, shall constitute *prima facie* evidence of the violation of the terms of this section. Provided, that nothing in this section shall apply to any assistant embalmer who prepares dead human bodies for burial or cremation under the personal supervision of a licensed embalmer. Any undertaker or funeral director who on January 1, 1921, was engaged in the undertaking business shall be licensed by the state board of health without examination upon the payment to the state board of health of the fee required by section 1409—3."

The relator thereupon petitioned for a writ of *mandamus* to compel the board to issue him a license. An alternative

writ was issued and the board, through the attorney general, moved to quash the writ. From a judgment quashing the writ the relator appealed.

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *E. J. Dempsey.*

For the respondents there was a brief by the *Attorney General* and *Ralph M. Hoyt,* deputy attorney general, and oral argument by *Mr. Hoyt.*

VINJE, C. J.    The appeal raises the question of the constitutionality of ch. 464 of the Laws of 1921, appearing in the Statutes of 1921 in ch. 76cc under the title "Practice of Embalming." Ch. 464 declares the act to be one . . . "relating to the licensing of embalmers."

It is argued by the appellant that the words "undertaker" and "embalmer" are used synonymously in the statute; that both may be regulated and licensed; that the practice of embalming has become practically universal; and that the public interest is promoted by the statutory regulation of undertakers.

If it be conceded that the words "undertaker" and "embalmer" are used interchangeably, then it follows that an undertaker cannot carry on his business as such without an embalmer's license; and if they are not used interchangeably it likewise follows that an undertaker must have an embalmer's license before he can conduct an undertaker's business. So the question is presented, Can the legislature require an embalmer's license from an undertaker as a condition for pursuing the latter calling? For the purposes of the present case it will be assumed that both undertakers and embalmers can be required to be licensed under reasonable regulations. But the precise question for determination is whether the business of an undertaker is so like unto or identical with that of an embalmer as to permit of them being put under one classification so that one cannot be an

undertaker without also being an embalmer.  The statute itself defines embalming as "the disinfection or preservation of the dead human body, entire or in part, by the use of chemical substance, embalmers' fluids or gases on the body, or by the introduction of the same into the body, by either arterial or cavity embalming or hypodermic injection of fluid ordinarily used in embalming."  If we turn to dictionaries, we find that the Century defines an undertaker as "one whose business is to make preparations for the burial of the dead, and to manage funerals;" Webster's International as "one whose business is to prepare the dead for burial and to take the charge and management of funerals;" and the Standard as "one whose business it is to arrange for burying the dead and to oversee funerals." It is apparent from these definitions of an undertaker and the statutory definition of embalming that the two are vitally different.  An embalmer, as such, does not bury the dead; he does not take charge of funerals; he does not dress the body, procure the coffin or do the many other things that an undertaker does.  His sole function as an embalmer is to so treat the body by means of chemical substance, embalmers' fluids, gases administered either externally or internally, or both, as to disinfect and preserve the body. Embalming is not required by any law of the state.  It is not essential to public health, safety, convenience, or comfort under present conditions of burials and cremations.  It is not universally practiced, especially in rural communities. Just what proportion of buried bodies are embalmed in the state there is no evidence to show.  But it is a matter of common knowledge that the number of unembalmed bodies annually buried in this state is large.  Some have religious scruples against embalming because it mutilates the body of man made in the image of God, just as others have religious scruples against cremation.

Since embalming is not compulsory, since it is not universally practiced, why require every undertaker to have

an embalmer's license before he can bury the dead? The qualifications required for obtaining an embalmer's license would add nothing to his fitness for burying an unembalmed body. It would add nothing to public health, safety, convenience, comfort, or morals. A police regulation restricting to the extent of prohibition an ancient, honorable, and necessary calling must justify its validity on the ground that it is essential to the public health, safety, convenience, comfort, or morals. This statute has no such sanction. It was beyond the power of the legislature to make it a valid enactment. *State v. Redmon,* 134 Wis. 89, 114 N. W. 137.

As was aptly stated by the supreme court of Massachusetts in *Wyeth v. Cambridge Board of Health,* 200 Mass. 474, 479, 86 N. E. 925, decided in 1909:

"Except in those cases where embalming is desired for a special reason, we know of nothing connected with the duties of an undertaker that calls for the work of a licensed embalmer. When such work is desired, a proper person can be procured to perform it. In cases generally it is not an essential part of the duties of an undertaker, and it has no relation to the public health."

The same view is also held by the court of appeals of New York in *People v. Ringe,* 197 N. Y. 143, 90 N. E. 451, decided in 1910, and by the court of appeals of Maryland in *State v. Rice,* 115 Md. 317, 80 Atl. 1026, Ann. Cas. 1913A, 1247, decided in 1911.

The provision of the statute that "any undertaker or funeral director who on January 1, 1921, was engaged in the undertaking business shall be licensed by the state board of health without examination," is specially void for the reason that a person engaged in one kind of business, an undertaker, that bears no necessary relation to the qualifications of another business, an embalmer, is declared qualified for the latter. As has already been pointed out, an undertaker as such does not have to understand embalming.

6]                JANUARY TERM, 1922.              547

State ex rel. Kempinger v. Whyte, 177 Wis. 541.

But the legislature said he must understand embalming, and then it said that if he was an undertaker on January 1, 1921, he was conclusively presumed to understand embalming though he may have been in the undertaking business but a single day, namely, January 1, 1921. Such attempted classification bears no relation to the subject matter and is void. It is first a declaration that something more than knowledge of the undertaking business is required and then a declaration that this is not true—that not even a knowledge of the undertaking business is required, but merely the fact that the applicant for a license was in that business on a certain day. If the statute were one providing for an undertaker's license as an undertaker, and it declared that those who were in that business on a certain day and had been in such business for a specified reasonable length of time should be entitled to a license as an undertaker without examination, an entirely different question would be presented. In such case a presumption would arise that the prosecution of a business for a certain length of time would qualify one for a continuance in that business. But we have here no such case.

We concur in the trial court's opinion where he says:

"It is apparent from examination of ch. 464, Laws 1921, when viewed in the light of the statutes in force when this act was passed, that the single purpose of the act was to require that all undertakers, funeral directors, or embalmers should secure an embalmer's license before they pursue their occupation, and that the legislature intended that all provisions of the act should be carried into effect as a whole and that each of the various provisions of the act were the inducement to and the compensation for the balance of the law. It follows that all of the provisions of ch. 464 must be held unconstitutional and void. It also follows that the attempt to repeal the law that existed before the passage of this act was ineffectual and that relator's rights must be tested by the statutes as they existed prior to the passage of this act. Under these prior statutes undertakers were not

required to procure licenses.  The reference in sec. 1409—10 to the revocation of the license of an undertaker seems to have resulted from the careless use of words, as no statute provides for the issuing of such a license."

*By the Court.*—Judgment affirmed.