(No. 38850.—

THE PEOPLE *ex rel.* The Director of the Department of Children and Family Services, Appellee, *vs.* ILLINOIS PROTESTANT CHILDREN'S HOME, INC., Appellant.

*Opinion filed May 20, 1965.—Modified on denial of rehearing September 27, 1965.*

GERALD M. CHAPMAN, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD E. FRIEDMAN, RICHARD A. MICHAEL, and JEROME F. GOLDBERG, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This direct appeal from a Cook County circuit court decree permanently enjoining appellant from operating a child care agency questions the constitutionality of licensing provisions of the Child Care Act. Ill. Rev. Stat. 1963, chap. 23, par. 2301 *et seq.*

Appellant was first chartered as a child care agency in 1919. In 1956 its license to so operate was not renewed by the Department of Public Welfare. Appellant sought

review of this administrative decision and appealed a circuit court decree sustaining the refusal to renew. The Appellate Court affirmed (*Illinois Protestant Children's Home* v. *Department of Public Welfare,* 35 Ill. App. 2d 306), this court denied leave to appeal and *certiorari* was denied by the United States Supreme Court.

While the license renewal litigation was pending on appeal, the Department, (now known as the Department of Children and Family Services) initiated action pursuant to a special enforcement statute (Ill. Rev. Stat., 1963, chap. 127, par. 63b11) to enjoin appellant's continued operation of its home. From the issuance of an injunction permanently restraining appellant from operating "a child caring institution" without a license, this appeal was taken.

Appellant argues that it has been unconstitutionally denied the right to trial by jury since section 29(7) of the Child Care Act provides that the operation of an unlicensed child care facility is a misdemeanor, and, therefore, any action instituted to enjoin such operation amounts to a criminal proceeding where trial by jury is guaranteed. However, this cause was instituted pursuant to the above cited special enforcement statute and, although it was brought on behalf of the People, it does not constitute a criminal proceeding. Notwithstanding the general rule that equity will not enjoin the commission of a crime, the legislature may provide for injunction proceedings to protect the public health and welfare. (*Burden* v. *Hoover,* 9 Ill.2d 114, 119). The issue raised here was decided contrary to appellant's contentions in *Village of Spillertown* v. *Prewitt,* 21 Ill.2d 228, where the village had enacted an ordinance providing for a fine to be levied against persons engaged in strip mining within the corporate limits. The village sought to enjoin defendant from engaging in strip mining on his property. We there held that a defendant may be enjoined from violating the ordinance, and he may not claim that chancery has no jurisdiction and that the case is criminal, as equity

has jurisdiction where enforcement of the criminal law is merely incidental to the general relief sought.

While appellant contends the licensing provisions of the Child Care Act are unconstitutional delegations of legislative power in that they fail to establish adequate standards for the guidance of the administrative agency, we are concerned with appellee's charge that appellant has no standing to challenge the constitutionality of the act. The essence of this argument is that section 16(a) of the Child Care Act (par. 2316(a)) provides that applications for license shall be upon forms furnished by the Department; that no such application was ever made; and that, therefore, the Department has never made a determination that a new license will not be issued. Consequently, appellee argues, appellant cannot complain of the provisions of an act which have not yet been used to its detriment. Appellant's answer to this is that the provisions of section 16(a) make the use of such forms by the applicant a condition precedent to processing of the application and the Department is given unlimited discretion as to what information shall be therein requested; that such delegation of unlimited discretion is constitutionally objectionable, and invalidates the requirement that applications may be made only on·the forms prescribed by the Department.

It is not disputed that appellant, upon termination of the litigation regarding renewal of the old license, sent a letter to the Department requesting a new license. In response thereto, appellant was furnished with the necessary forms. Apparently these were never executed nor filed for the reason that appellant regards as unconstitutional the requirement that such forms be used.

In his argument appellant relies principally upon *McDougall* v. *Lueder*, 389 Ill. 141. We there held a statute requiring currency exchanges to file applications for licenses was unconstitutionally vague and indefinite where the only statutory standard was that the applications contain names

and addresses of applicants and "such other information as the auditor may require". It consequently amounted to an unlawful delegation of legislative power since applicants might be subjected to varying requirements. Here, however, there are set forth in section 18 eleven specific areas with which the Department shall be concerned in promulgating rules and regulations for the enforcement of the act. Necessarily, the inquiries upon the application form must be limited thereto. In *McDougall* there was no requirement directing the auditor to apply uniform standards, while here the principles of uniformity and reasonableness are implicit in the act. We therefore hold that where, as here, the areas of inquiry upon the application are specifically limited by statutory designation, as well as the principles of uniformity and reasonableness implicit therein, sufficient legislative standards exist and the minute detail of the form contents may properly be delegated to those charged with administrative responsibility. (*Department of Public Works and Bldgs.* v. *Lanter,* 413 Ill. 581). Accordingly, the requirement that applications be made upon forms furnished by the Department is valid.

We have heretofore said "One of the most firmly established doctrines in the field of constitutional law is that a court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question." (*Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179, 201, *cert.* den. 344 U.S. 837, 97 L. ed. 651, 73 S. Ct. 47.) In *People* v. *Diekmann,* 285 Ill. 97, 101, we said "This court will not discuss the constitutionality of a provision of an act which does not affect the parties to the cause under consideration or where the party urging the invalidity of such provision is not in any way aggrieved by its operation." Also, in *Gholson* v. *Engle,* 9 Ill.2d 454, plaintiff was precluded from attacking the examination provisions of an act dealing with the registration

of funeral directors where he had not taken the examination and was not affected by that section of the statute. See, also, *Elliott* v. *University of Illinois,* 365 Ill. 338, 346; *Kettles* v. *People,* 221 Ill. 221, 233.

Since appellant has made no proper application for a new license, and no Departmental determination has been made with reference to the issuance of a new license, appellant cannot presently contend it is aggrieved by the other provisions of the act which it seeks to challenge. This court will not anticipate constitutional questions, and the relatively minor inconvenience of postponement of decision will not disturb that determination. See *Clay* v. *Sun Insurance Office, Ltd.,* 363 U.S. 207, 4 L. ed. 2d 1170, 80 S. Ct. 1222.

Accordingly, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*

*On rehearing:*

In its petition for rehearing, appellant has for the first time presented argument in support of his questioned standing to contest the licensing provisions of the act. He maintains that standing to attack the Federal constitutionality of a statute is necessarily a Federal question (*Baker* v. *Carr,* 369 U.S. 186, 7 L. ed. 2d 663,) and cites cases decided in the United States Supreme Court for the proposition that where a statute is invalid on its face and a defendant is prosecuted thereunder, he need not have previously applied for a license to engage in the particular conduct as a condition precedent to constitutional inquiry. (*Smith* v. *Cahoon,* 283 U.S. 553, 562, 75 L. ed. 1264; *Lovell* v. *City of Griffin,* 303 U.S. 444, 82 L. ed. 949; *City of Chicago & Atchison, T. & S. F. R.R. Co.* 357 U.S. 77, 2 L. ed. 2d 1174). However, those cases held the statutes questioned therein entirely void as applied to the respective contestants. Here, the statute is not invalid on its face, and we have held the requirement of application forms as set forth in the statute valid

as applied to appellant. Under such circumstances, it remains to be determined whether, after appellant has applied for a license employing the requisite forms, further constitutional inquiry is necessary. We accordingly adhere to our original opinion.