Harold E. Bathe, Plaintiff-Appellant, v. Carl Stamper, et al., John A. Beck, Inc., a Corporation, and John A. Flynn, Funeral Directors Services Association of Greater Chicago, an Illinois Corporation, Not for Profit, and Raymond K. Theis, Hugh L. Kenney, Individually, and as President and Secretary, Respectively, of Said Funeral Directors Services Association of Greater Chicago, Illinois Funeral Directors Association, an Illinois Corporation, Not for Profit, John C. Watson, Acting Director of the Department of Registration and Education of the State of Illinois, Defendants-Appellees.

Gen. No. 10,734.

Fourth District.

September 26, 1966.

Rehearing denied and opinion modified October 28, 1966.

Dunn, Dunn, Brady, Goebel, Ulbrich & Hayes, of Bloomington (William M. Goebel, of counsel), for appellant.

Thomson, Thomson, Mirza & Watson, of Bloomington, Wood & Wood, of Springfield, Albert J. Meserow, and William G. Clark, Attorney General of the State of Illinois, of Chicago (M. Brooks Byers, Richard A. Michael, and Philip J. Rock, of counsel), for appellees.

TRAPP, P. J.

Harold Bathe, plaintiff, appeals from a decree of the Circuit Court of the Eleventh Judicial District, McLean County, Illinois, dismissing his complaint for declaratory judgment and injunctive relief against two groups of de-

fendants and the Director of the Department of Registration and Education of the State of Illinois.

This cause was first directly appealed to the Supreme Court of Illinois, and was transferred to this court under the following memorandum order:

"Appellant contends that the validity of certain statutory provisions is involved in this appeal. From the order of the trial court it appears that the court dismissed appellant's complaint on the grounds that no actual controversy existed and that appellant lacked standing to challenge the validity of said provisions. The alleged constitutional issue is not directly involved and on the Court's own motion the cause is transferred to the Appellate Court for the Fourth District."

The complaint charges that Carl Stamper and other licensed funeral directors in McLean County, who are labelled Group I Defendants, filed a suit in the Circuit Court of McLean County, Illinois, alleging that plaintiff is in fact engaged in the practice of funeral directing, without being licensed as required by chapter 111½, §§ 73.1 to 73.30 (Ill Rev Stats), and praying an injunction against such practice. The suit against plaintiff also sought to state an action in quo warranto against another party to the suit, East Lawn Memorial Gardens, Inc., alleging it was soliciting the furnishing of funeral and embalming services, and otherwise exceeding its charter powers.

The complaint, here, charges Funeral Directors Services Association of Greater Chicago, Illinois Funeral Directors Association and others labelled Group II Defendants, with fostering and financially assisting in the foregoing litigation against plaintiff, and with commencing a proceeding against one Marian Ward before the Department of Registration and Education of the State of Illinois, to revoke the license of said Ward, complain-

267

ing inter alia, that said Ward employed the plaintiff to perform the services of a registered funeral director, when, in fact, plaintiff was not a licensed funeral director or embalmer.

The plaintiff, here, charges that Art I and Art III of an Act in relation to the regulation of persons engaged in the practice of funeral directing and embalming, chapter 111½, §§ 73.1–73.10a and §§ 73.21–73.30, each inclusive (Ill Rev Stats), are unconstitutional and void, and that said statute is the basis of the foregoing suit against plaintiff and of the license revocation proceeding.

He further charges Group I defendants and Group III defendants with an unlawful conspiracy to deprive plaintiff of his business, but such issue is not discussed under points and authorities in his brief, nor considered in his argument.

Plaintiff, in this case, states the fact to be that plaintiff incorporated East Lawn Memorial Gardens, Inc., a memorial garden type cemetery which sells burial spaces and "related merchandise." The complaint states that plaintiff built a building through a corporation owned by plaintiff named Memorial Chapels, Inc., and leased said building to Marian Ward, an Illinois licensed funeral director, and that said Marian Ward operated a funeral home in said building, called East Lawn Memorial Chapel, until the operation became unsuccessful due to the unlawful course of conduct of Group I and Group II defendants.

The complaint, as noted, states that the suit of Group I Defendants against him charges that he is individually conducting the business of funeral director, and that the complaint before the Department of Registration and Education so charges him. It does not state whether plaintiff is, in fact, conducting, or, in fact, seeks to conduct the business of funeral directing himself.

The complaint does not state that plaintiff has sought a license as a funeral director, but does state that the statute requires as a prerequisite to licensing, the completion

of one year in a professional school or college teaching the practice of funeral directing, that there was only one school in Illinois, to-wit: Worsham College of Mortuary Science, which taught such curriculum, that he applied to said school and was arbitrarily refused admission. The complaint alleges that he could clearly never obtain a license because the licensing process is under the arbitrary and monopolistic control of licensed funeral directors and embalmers. It is alleged that Art I and Art III of the Funeral Directors Licensing Act establishes a monopolistic economic hierarchy of existing licensed funeral directors.

The trial court held, inter alia, that plaintiff lacked sufficient interest to maintain the complaint, that plaintiff is not affected by the provisions of Art I, §§ 73.1 to 73.10a, and Art III, §§ 73.21 to 73.30 of chapter 111½ (Ill Rev Stats), that no actual controversy exists between plaintiff and defendants upon which a declaratory judgment might be rendered, and that the said statute is constitutional. The court dismissed the complaint.

First, it should be noted that as to the charges that certain defendants are engaged in a conspiracy to destroy plaintiff's business, such a combination could exist or fail to exist irrespective of the constitutional status of the statute. The question regarding the statute is whether it is inherently defective, not whether persons could use it unlawfully to their advantage, or the disadvantage of others.

Second, it can fairly be said that the Supreme Court of Illinois has given sufficient consideration to the Illinois Funeral Directors Act to say that it is not completely invalid on its face. In Gholson v. Engle, 9 Ill2d 454 at p 459, 138 NE2d 508, the court said that without question the activities of funeral directors and embalmers are subject to regulation. The court also found in that case (p 462) that the provision there held invalid, that of requiring an embalmer's license of a funeral director, was

269

not so integrated with the rest of the act as to make the whole act unconstitutional as a result of the particular defect.

The Supreme Court, in Gholson v. Engle, also held that the plaintiff was foreclosed from questioning two other portions of the Act, that is the requirement of apprenticeship for an embalmer, and the provisions regarding the examination for a certificate because on the one hand plaintiff did not seek an embalmer's license, and on the other did not take the examination.

■ Here, plaintiff complains of apprentice and examination requirements, as well as other requirements of the Act licensing funeral directors and embalmers without stating that plaintiff seeks a license, or that plaintiff is doing the things covered by the Act without a license. Under the ruling in Gholson v. Engle, we feel compelled to hold that plaintiff has not alleged a status which entitles him to challenge the Act in this suit. (See p 461.)

Plaintiff cites and relies upon Schroeder v. Binks, 415 Ill 192, 113 NE2d 169, as authority for his position, but that suit was brought under the provisions of chapter 102, §§ 11 through 16 (Ill Rev Stats, 1951), by which citizens and taxpayers were authorized to bring action to enjoin the expenditure of public funds in the administration of an unconstitutional law. Plaintiff's action here is not under such statute or of such a nature.

Whether, in other litigation mentioned in the pleadings in this suit, plaintiff is so charged with violation of a statute that he may there question the validity of various sections, or all of the statute in question is not before us. The holding of that portion of Gholson v. Engle, 9 Ill2d 454, on p 461, 138 NE2d 508, on which we rely, is that to test the statute by complaint of its effect upon him as an individual, as distinguished from the special status of a taxpayer afforded by chapter 102, §§ 11, 12 (Ill Rev Stats), plaintiff would have to seek the status, which, by implication, but not direct allegation, he asserts

is denied to him. Similar principles to those relied on here are announced in People v. Illinois Protestant Children's Home, 33 Ill2d 60, 210 NE2d 217, and People v. Reiner, 6 Ill2d 337 at p 341, 129 NE2d 159.

We think the trial court should have dismissed the suit for lack of standing of the plaintiff, but should not have also passed upon the constitutionality of the Act in question. We do not interpret Gholson v. Engle, 9 Ill2d 454, 138 NE2d 508, as a pronouncement upon all aspects of the statute, for it is quite obvious that the Supreme Court stated that the suit failed to reach certain questions sought to be presented.

■ Here, the determination of the constitutionality of the statute was not necessary to the disposition of this case, and it is the rule that the court will determine the constitutionality of an act only to the extent required by the case before it and will not undertake to formulate a rule broader than that necessitated by the precise questions to be decided. People v. Illinois Protestant Children's Home, 33 Ill2d 60, 210 NE2d 217.

■ Upon consideration of plaintiff's Petition for Rehearing, in addition to the matters discussed in this opinion, we note that this proceeding for declaratory judgment essentially arises by reason of the fact of certain litigation pending against the plaintiff, or his asserted interests. The statute authorizing proceedings for declaratory judgment is not designed to aid the disposition of pending cases. See chapter 110, § 57.1, Ill Rev Stats, History and Practice Notes.

■■ Again, the granting of relief through declaratory judgment is a matter of discretion in the trial court, and dismissal of the proceedings upon motion is an appropriate method of declining to grant declaratory relief. State Farm Mut. Automobile Ins. Co. v. Morris, 29 Ill App2d 451, 173 NE2d 590; Salem Nat. Bank v. City of Salem, 47 Ill App2d 279, 198 NE2d 137. We can find no abuse of discretion on the part of the trial court.

We are not required to pass upon the other questions raised regarding the use of the remedy of declaratory judgment.

The order of the trial court is affirmed upon the issue that plaintiff lacked capacity to proceed by interlocutory judgment and have injunctive relief. The finding of the court that Art I and Art III, chapter 111½ (Ill Rev Stats) are constitutional is unnecessary to the disposition of the case and is deemed surplusage.

Affirmed.

SMITH and CRAVEN, JJ., concur.