CHRYSLER CREDIT CORPORATION, Plaintiff-Appellee, *v.* TIMOTHY GILLASPIE, Defendant-Appellant.

(No. 58307;

First District (3rd Division)—December 5, 1974.

David P. Schneider, of Legal Aid Bureau, of Chicago, for appellant.

Maurice J. McCarthy, of Ettelson, O'Hagan, Ehrlich & Frankel, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Timothy Gillaspie, appeals from a deficiency judgment entered in the circuit court of Cook County in favor of plaintiff, Chrysler Credit Corporation, in the amount of $1,750.89 plus costs. The deficiency existed after the disposition of defendant's automobile. On appeal, defendant challenges the constitutionality of section 9—503 of the Uniform Commercial Code (Ill. Rev. Stat. 1969, par. 9—503), the self-help repossession section of the Uniform Commercial Code, as violative of his due process rights under the Fifth and Fourteenth Amendments of the Constitution. He argues that this section of the Code improperly permits the taking of his property without prior notice and hearing. While we do not believe that the facts and circumstances of the present case warrant our reaching the constitutional question, we consider a brief discussion of that issue to be pertinent to explain our decision.

Defendant's argument represents another attempt to strike down a creditor's resort to prejudgment remedies without notice or hearing to the holder of the property. The major case in this area, *Sniadach v. Family Finance Corp.* (1969), 395 U.S. 337, held unconstitutional on procedural due process grounds a Wisconsin wage-garnishment procedure which permitted wage garnishment without prior notice or hearing to the employee. Subsequently, in *Fuentes v. Shevin* (1972), 407 U.S. 67, a plurality of the Supreme Court held the prejudgment writ of replevin procedures set out in Florida and Pennsylvania statutes to be violative of the Fourteenth Amendment's requirements of notice and hearing. These procedures had allowed a creditor, upon an ex parte application to a court clerk accompanied by the posting of bond, to obtain a writ of replevin to be executed by the sheriff upon the holder of property and to summarily seize the person's possessions. The court held that the failure of the statutes to provide the right to a prior hearing to test the creditor's claims to the goods was a defect of constitutional proportions. (But See *Mitchell v. W.T. Grant Co.* (1974), 416 U.S. 600.) This court has applied the *Fuentes*

rationale to other prejudgment situations. In *Brooks v. LaSalle National Bank* (1973), 11 Ill.App.3d 791, 298 N.E.2d 262, we held that a tenant's personal property could not constitutionally be withheld by the landlord for non-payment of rent pursuant to the Innkeeper's Lien Statute without according the tenant prior notice and hearing. Additionally, in *Leavitt v. Charles R. Hearn, Inc.* (1974), 19 Ill.App.3d 980, 312 N.E.2d 806, we refused to vest a mechanic with a prejudgment right to summarily repossess a specific item to enforce his lien, and expressly rejected section 9—503 as secondary authority.

By its terms, section 9—503 permits secured parties, upon default, to repossess secured chattels by self-help if such procedures can be accompanied "without breach of the peace." Since the self-help remedy is not predicated upon the issuance of prior notice and hearing to the holder of the collateral, the viability of the provision in constitutional terms rests upon the determination of the existence of sufficient State involvement through the enactment of the provision to constitute "state action."

While no Illinois court has considered this question, various courts throughout the country have, with diverse results. Several circuits of the United States Courts of Appeal have held that the self-help provision contained in section 9—503 amounts to private conduct not under color of State law. (*Adams v. Southern California First National Bank* (9th Cir. 1973), 492 F.2d 324, *cert. denied* (1974), 43 U.S.L.W. 3277; *Bichel Optical Laboratories, Inc. v. Marquette National Bank* (8th Cir. 1973), 487 F.2d 906; *Shirley v. State National Bank* (2d Cir. 1974), 493 F.2d 739.) However, persuasive authority exists to the contrary—that the statute promotes an injury cognizable in the courts. *Gibbs v. Titelman* (E.D. Pa. 1973), 369 F. Supp. 38; *Boland v. Essex County Bank & Trust Company* (D. Mass. 1973), 361 F.Supp. 917; *James v. Pinnix* (S.D. Miss. 1973) (1969-1973 Transfer Binder), CCH Sec. Tr. Guide ¶ 52,172, at 67,263; *Michel v. Rex-Noreco, Inc.* (D. Vt. 1972), 12 U.C.C. Rep. Serv. 543.

The reason we need not reach this constitutional issue rests upon the nature of the facts in the present case. On July 16, 1969, defendant purchased a new Plymouth automobile. He executed a retail installment sales contract, which was assigned to plaintiff on the same date. The total amount due was $4,443.16, payable in 36 consecutive monthly installments of $124.81 beginning August 17, 1969.

In December, 1969, defendant drove the automobile on a trip to Texas. While there, he had trouble with the transmission and took the auto to Burns Motors in McAllen, Texas, for repair. He was told that the warranty did not apply to the transmission. Subsequently Burns Motors called plaintiff to report that the vehicle which was in its service department contained

a payment book showing plaintiff's interest. Burns inquired of plaintiff about a disposition of the vehicle, as the bill for repairs had not been paid and defendant had returned to Chicago. At the time, defendant was 4 months delinquent in his payments to plaintiff and the latter had sent a notice of sale to defendant which had been returned undelivered.

Upon his return to Chicago, defendant talked to plaintiff's regional manager, Mr. Stitch, about the situation. Stitch informed defendant that he would have to pay the arrearages and make the account current. Defendant made several payments and, on April 29, 1970, his account became current. Plaintiff then advised defendant and Burns Motors that plaintiff's "hold" on the vehicle was released. Defendant went to Texas in May, 1970, but was told by Burns Motors that unless he paid the repair bill of $257 he would not be given possession of the auto. Defendant called Stitch concerning the warranty, and was told that plaintiff could do nothing about the situation. Defendant did not pay the repair bill and returned to Chicago, leaving the auto in the possession of Burns Motors. Defendant subsequently did not make his May, 1970, payment to plaintiff. Plaintiff thereupon assigned its interest in the vehicle to Burns Motors for $900 and paid the repair bill.

The reason we need not reach the constitutional issue urged upon us is that no repossession was involved. Plaintiff neither seized nor even possessed the automobile. As shown above, defendant voluntarily brought the auto to Burns Motors in Texas for repair work. Burns retained possession of the auto pursuant to a valid mechanic's lien acquired as a result of its labor. After defendant refused to pay for the repair, Burns could have foreclosed its lien, subject to plaintiff's interest. After defendant again defaulted in his payments to plaintiff, the latter assigned the security interest to Burns. Consequently, in addition to maintaining possession of the vehicle, Burns had by assignment an interest in the automobile. Thus, no repossession was involved.

■■ In so holding, we recognize that in the trial court plaintiff failed to contend that a repossession had not occurred. In fact, in its complaint, plaintiff recited that it had "repossessed" defendant's motor vehicle. However, any argument may be relied on by an appellee in support of a judgment on appeal as long as a factual basis for such a point was before the trial court. (*Shaw v. Lorenz* (1969), 42 Ill.2d 246, 246 N.E.2d 285.) Moreover, a court will determine the constitutionality of an act only to the extent required by the case before it and will not undertake to formulate a rule broader than that necessitated by the question to be decided. (*People ex rel. Director of the Department of Children and Family Services v. Illinois Protestant Children's Home, Inc.* (1965), 33 Ill.2d 60, 210

N.E.2d 217, *cert. denied* (1966), 384 U.S. 905; *Anundson v. City of Chicago* (1970), 44 Ill.2d 491, 256 N.E.2d 1.) The factual situation before us does not require a constitutional determination.

Defendant has not disputed the fact that he defaulted in payments to plaintiff. Moreover, the amount of the judgment is not at issue.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.